Kevin A. Lake, Esquire (VSB# 34286)
VANDEVENTER BLACK LLP
P.O. BOX 1558
Richmond, Virginia 23218-1558
(804) 237-8811
    *Counsel for Sherman B. Lubman, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | EDWARD G. SLATE, | Chapter 7 |
| | SALLY F. SLATE | Case No.: 08-30297-KRH |
| | Debtor(s). | |

**MOTION FOR ORDER PERMITTING DISCLOSURE OF CERTAIN MATTERS
PURSUANT TO §§ 105(a) AND 343 AND RULE 2004;
MEMORANDUM IN SUPPORT THEREOF,
<u>AND NOTICE OF MOTION</u>**

COMES NOW Sherman B. Lubman, the trustee for the chapter 7 bankruptcy estate of Edward G. Slate and Sally F. Slate (the "Chapter 7 Trustee"), by counsel and pursuant to 11 U.S.C. §§ 105(a) and 343 and Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Trustee hereby moves for an order permitting the Trustee to disclose, in the course of his administration of the bankruptcy estate, the terms of the Debtors' resolution of a prepetition lawsuit, notwithstanding a confidentiality provision relating to such resolution. In support of his request, the Trustee respectfully represents as follows:

<u>Jurisdiction and Procedural History</u>

1. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. § 1334. This matter is a core proceeding as set forth under 28 U.S.C. § 157.

2. The Court has the authority to grant this Motion pursuant to §§ 105(a) and 343 of the United States Bankruptcy Code (the "Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules").

3. Edward G. Slate and Sally F. Slate ("Debtors") filed a joint voluntary petition under Chapter 7 of the United States Bankruptcy Code on January 24, 2008 (the "Petition Date").

4. The Chapter 7 Trustee was appointed trustee for the Debtors' chapter 7 bankruptcy estate (the "Estate") and continues to so serve.

Facts:

5. As reflected in Debtors' Amended Statement of Financial Affairs (the "Amended SOFA") filed herein, one or both of the Debtors resolved a prepetition lawsuit (hereinafter, the "Prepetition Lawsuit) upon confidential terms and derived income from such resolution. [1]

6. Debtors' Amended SOFA also reflects a "[t]ransfer made [to Slate Team LLC and Realty Alliance LLC] in connection with proceeds from [the Prepetition Lawsuit]" and that the "disposition is governed by a confidentiality agreement." See Amended SOFA No. 10a.

7. Upon information and belief, the Trustee is arguably bound by the terms of the prepetition confidentiality agreement that Debtors entered into in connection with their resolution of the Prepetition Lawsuit.

8. Debtors did not make disclosure of the Prepetition Lawsuit and transfers related thereto in their original schedules and statements filed herein, and the existence of these matters came to light at the first meeting of creditors.

9. The first meeting of creditors has been adjourned to May 5, 2008 and neither the Trustee

---

[1] See Amended SOFA No. 2, which details the source of "income received by debtor other than employment, trade, profession, or operation of debtor's business during the two years immediately preceding the commencement of this case" as "Lawsuit resolution – Details suppressed due to confidentiality agreement, but will be disclosed to the

nor any other party in interest has had an opportunity to examine Debtors pursuant to § 343 of the Code since the Amended SOFA was filed.

10. As of the date of this motion, the Trustee has received from Debtors some, but not all, documents detailing and relating to the resolution of the Prepetition Lawsuit.

11. This motion has been served upon all known parties to the confidentiality agreement and their respective counsel.

Points and Authorities:

12. Section 704 of the Code imposes duties upon the Trustee which include: collecting and reducing "to money the property of the estate…" and closing the "estate as expeditiously as is compatible with the best interests of parties in interest;" investigating the financial affairs of the debtor; opposing, if advisable, debtor's discharge; and "unless the court orders otherwise, furnish[ing] such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a).

13. The Trustee has reviewed the terms of the resolution of the Prepetition Lawsuit.

14. The Trustee has concluded that, in order to discharge his duties under § 704 of the Code and otherwise properly carry out his administration of the Estate, he needs to be able to disclose the terms of the resolution of the Prepetition Lawsuit and information regarding the transfers by Debtor in connection with such resolution. [2]

15. The Trustee therefore requests that he be relieved of the requirements contained in the prepetition confidentiality agreement that Debtors keep the terms of the resolution of the

---

Trustee," and the amount of such income as "$1.00."

[2] By way of example, the Trustee may need to disclose the terms of the resolution of the Prepetiton Lawsuit as part of his examination of Debtors at the adjourned meeting of creditors and/or in his prosecution of avoidance claims on

Prepetition Lawsuit confidential, to whatever extent he may be bound by such terms.

16. The Trustee also submits that creditors and parties-in-interest should be permitted to inquire about and learn of the details of the resolution of the Prepetition Lawsuit and the transfers made by Debtors in connection therewith.

17. Lastly, so that the Trustee and other parties-in-interest may obtain all necessary and useful information regarding the resolution of the Prepetition Lawsuit and the transfers by Debtors in connection therewith, the Trustee requests that the following parties be required, upon the Trustee's demand, to disclose to the Trustee, or other persons as the Trustee may direct, information regarding the resolution of the Prepetition Lawsuit:

   (a) Debtors;

   (b) Each party to the Prepetition Lawsuit; and

   (c) The current and former agents and professionals of the foregoing.

18. Section 105(a) of the Code provides that the "court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the [Code]. 11 U.S.C. § 105(a).

19. Rule 2004 of the Rules provides:

   (a) *Examination on Motion*. On motion of a party in interest, the court may order the examination of any entity.

   (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter, which may affect the administration of the debtor's estate, or to the debtor's right to a discharge…In a[n]…individual's debt adjustment case under chapter 13…the examination may also relate to…the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan…and any other

---

behalf of the Estate.

4

matter relevant to the case or to the formulation of a plan.

20. The Trustee submits that the Court has authority to order that the Trustee may disclose to any person or entity, in his discretion, any and all information regarding resolution of the Prepetiton Lawsuit (and transfers related to such resolution), notwithstanding the confidentiality agreement. Likewise, the Court has authority to order that information about the resolution of the Prepetition Lawsuit be furnished to creditors and parties in interest in this case, notwithstanding the confidentiality agreement.

21. The Trustee further submits that the he has herein demonstrated sufficient cause for the Court to enter such an order.

WHEREFORE, the Trustee respectfully requests that the Court enter an order permitting him to disclose the terms of the resolution of the Prepetition Lawsuit in the course of his administration of the Estate; to enter an order in substantially the form of the attached proposed order; and to grant such other relief as the Court may deem just and proper.

### ***NOTICE OF CHAPTER 7 TRUSTEE'S MOTION ***

Sherman B. Lubman, Trustee (the "Chapter 7 Trustee"), has filed a MOTION FOR ORDER PERMITTING DISCLOSURE OF CERTAIN MATTERS PURSUANT TO §§ 105(a) AND 343 AND RULE (the "Motion") with the Court, seeking authority to conduct a Rule 2004 examination of certain parties.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the motion, then on or before April 25, 2008, you or your attorney must:

> File with the Court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 9013-1(H) and 2004-1.  If you mail your response to the Court for filing, you must mail it early

5

enough so the Court will receive it on or before the date stated above.

>Clerk of Court
>United States Bankruptcy Court
>1100 East Main Street, Suite 310
>Richmond, Virginia 23219-3515

>You must also mail a copy to:

>Kevin A. Lake, Esquire
>VANDEVENTER BLACK LLP
>P.O. BOX 1558
>Richmond, Virginia 23218-1558

*You must also attend a hearing scheduled to be held on April 30, 2008,* at 10:30 A.M. in the U.S. Bankruptcy Court, Richmond Division, U.S. Courthouse Annex, 1100 East Main Street, Richmond, Virginia 23219, in Room 345.

**Under Local Bankruptcy Rule 2004-1, unless a written response to this motion and supporting memorandum are filed with the Clerk of the Court and served on the moving party within five business days of the service of this notice objecting to the relief requested, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

>**SHERMAN B. LUBMAN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EDWARD G. SLATE AND SALLY F. SLATE**

>By: /s/ Kevin A. Lake

>Kevin A. Lake, Esquire (VSB# 34286)
>VANDEVENTER BLACK LLP
>P.O. BOX 1558
>Richmond, VA 23218-1558
>TEL: (804) 237-8811
>FAX: (804) 237-8801
>*Counsel for Sherman B. Lubman, Trustee*

N:\WP\klake\User Data\Kevin\BANKRUPT\CLIENTS\LUBMAN\CASES\Slate\R2004Exam\2004ExaminationMotion(finalversion).doc

6

## CERTIFICATE

    I hereby certify that I caused to be mailed, by electronic means or by first class mail, postage prepaid, a true copy of the foregoing Motion and Notice of Motion on April 19, 2008, to the following:  See attached service list

/s/ Kevin A. Lake

SERVICE LIST

Robert B. Van Arsdale, Assistant U.S. Trustee
Office of the U.S. Trustee
The Main Street Centre
600 East Main Street, Suite 301
Richmond, Virginia 23219

Sherman B. Lubman, Trustee
P.O. Box 5757
Glen Allen, Virginia 23058

Edward G. Slate
Sally F. Slate
2642 Laclede Avenue
Richmond, Virginia 23233

Shreen N. Mahmoud, Esq.
Harry Jernigan CPA Attorney, P.C.
258 N. Witchduck Road, Suite C
Virginia Beach, Virginia 23462

Roy M. Terry, Jr., Esq.
DurretteBradshaw PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219

VIA REGULAR MAIL, FAX & E-MAIL
Steven B. Biss, Esquire
1711 East Main Street, 2nd Floor
P.O. Box 592
Richmond, Virginia 23219
stevenbiss@earthlink.net
Fax: 202-318-4098

VIA REGULAR MAIL, FAX & E-MAIL
Scott C. Oostdyk, Esq.
McGuire Woods
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
soostdyk@mcguirewoods.com
Fax: 804-698-2123

The Shield Company
c/o Cary A. Ralston, Its
Registered Agent
1900 One James Center
901 East Cary Street
Richmond, Virginia 23219

The Shield Company
8510 Bell Creek Road, Suite A
Mechanicsville, Virginia 23116

Henry A. Shield
9000 Brigadier Road
Mechanicsville, Virginia 23116

Henry A. Shield
1607 Rhoadmiller Street
Richmond, Virginia 23220