UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:  Edward G. Slate           )
       Sally F. Slate,           )     Case No. 08-30297-KRH
                                 )     Chapter 7
       Debtors.                  )
                                 )

**MOTION TO LIMIT TRUSTEE'S TURNOVER OF
INFORMATION PURSUANT TO 11 U.S.C. § 704(a)(7)**

Edward G. Slate and Sally F. Slate (the "Debtors"), by counsel, hereby file this *Motion to Limit Trustee's Turnover of Information Pursuant to 11 U.S.C. § 704(a)(7)* (the "Motion"), an in support thereof respectfully state as follows:

Background

1. On January 24, 2008, the Debtor's filed a joint petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. Sherman B. Lubman (the "Trustee") was appointed Interim Chapter 7 Trustee and continues to serve in that capacity.

3. The original § 341 meeting of creditors was held on February 25, 2008, and has been continued a number of times since the original date. A continued § 341 meeting is currently scheduled for November 10, 2008.

4. On April 11, 2008, attorney David G. Browne filed a notice of appearance on

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
☎ 804.775.6900
🗎 804.775.6911
Counsel to the Debtors

behalf of Strategic Insurance Partners, LLC ("SIP").  Mr. Slate was a former partner in SIP, but ended his affiliation with SIP prior to the Petition Date.  Mrs. Slate was never involved with SIP in any manner.

5.	On April 30, 2008, the Court entered its *Order Permitting Disclosure of Certain Matters Pursuant to §§ 105(a) and 343; and Rule 2004*.  The order allowed the Debtors to disclose the terms of and other facts related to the settlement agreement between Sally Slate and Henry A. Shield, et al., which was otherwise subject to a confidentiality provision, to the Trustee.  Mr. Slate was not a party to the settlement agreement.

Argument

6.	Throughout the pendency of this case the Debtors have compiled, prepared, and turned over a great deal of information to the Trustee.  The information provided to the Trustee contains information relating to Mr. Slate individually, Mrs. Slate individually, and the Debtors jointly.

7.	SIP, by counsel, has requested that the Trustee provide it with copies of all information turned over to the Trustee by the Debtors in this joint case.

8.	Section 704(a)(7) of the Bankruptcy Code states:

> The Trustee shall –
> (7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest.

9.	Section 704(a)(7) limits both the information to be provided and to whom such information may be provided by a chapter 7 trustee.  It does not require the trustee to disclose to any party all information requested by that party without limitation and makes clear that the court may place reasonable restrictions on such requests.  See 2 COLLIERS ON BANKRUPTCY ¶

704.11, at 704-27 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2006). The trustee is required only to provide information to a party in interest – a party whose pecuniary interests are affected by a case. See id.

10. SIP is not a party in interest in Mrs. Slate's estate. Other than being the spouse of a former partner, Mrs. Slate had no other relationship – personally or professionally – with SIP. Therefore, SIP is not a party in interest in Mrs. Slate's case and has no right to any information provided to the Trustee related solely to Mrs. Slate, specifically including, but not limited to, any information disclosed to the Trustee regarding the settlement agreement.

11. To clarify, the Debtors are not seeking any limit on the Trustee's turnover to SIP of information related to Mr. Slate.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, pursuant to 11 U.S.C. § 704(a)(7), limiting the information turned over by the Trustee to SIP, as a party in interest in only Mr. Slate's case, to that related to Mr. Slate and specifically excluding any information related solely to Mrs. Slate, and for such other and further relief as the Court deems appropriate.

Dated: October 31, 2008                    EDWARD G. SLATE and SALLY F. SLATE
                                           By Counsel

/s/ Elizabeth L. Gunn
Roy M. Terry, Jr., VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Tel.: (804) 775-6900
Fax: (804) 775-6911
Counsel to the Debtors

3

## CERTIFICATE OF SERVICE

I hereby certify on this 31st day of October, 2008, a true copy of the foregoing Motion was delivered by electronic means, CM/ECF notification, and/or by U.S. first class mail, postage fully prepaid, to the following:

Kevin A. Lake
Vandeventer Black LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1559

Sherman B. Lubman
P.O. Box 5757
Glen Allen, VA 23058-5757

Robert B. Van Arsdale
Office of the U.S. Trustee
600 East Main Street, #301
Richmond, VA 23219

Edward G. Slate
2642 Laclede Avenue
Richmond, VA 23233

Sally F. Slate
2642 Laclede Avenue
Richmond, VA 23233

David G. Browne
Meyer, Goergen & Marrs, PC
7130 Glen Forest Drive, Suite 305
Richmond, VA 23226

                 /s/ Elizabeth L. Gunn

F:\S\Slate, Edward and Sally\Motion to Limit Turnover of Information.doc