**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| IN RE: | EDWARD G. SLATE ) | |
| | ) | |
| | and ) | |
| | ) | |
| | SALLY F. SLATE ) | Case No. 08-30297-KRH |
| | ) | Chapter 7 |
| | Debtors. ) | |

**RESPONSE OF STRATEGIC INSURANCE PARTNERS, LLC, TO DEBTORS' MOTION TO LIMIT TRUSTEE'S TURNOVER OF INFORMATION PURSUANT TO 11 U.S.C. § 704(a)(7)**

COMES NOW Strategic Insurance Partners, LLC ("SIP"), by counsel, and hereby asks this Court to deny the Debtors' Motion to Limit Turnover of Information Pursuant to 11 U.S.C. § 704(a)(7) (the "Motion") and to further Order that the Trustee promptly produce to counsel for SIP all materials turned over to the Trustee by the Debtors, except as described in the Court's previous Order of April 30, 2008, and in support thereof states as follows:

BACKGROUND

1. SIP filed a breach of contract action on or about January 31, 2008, in the Circuit Court for the City of Richmond against, jointly and severally, Edward G. Slate (individually) and Strategic Financial Services, Inc. (d/b/a Strategic Insurance Management, hereinafter "SFS"), a closely held corporation owned and controlled by Debtors. This suit demanded the amount of $70,000.00 and was filed prior to any notice

1

of these Chapter 7 proceedings. Debtors have listed this action in their Schedules and Amended Schedules. SIP is therefore a party in interest in this case.

  2. Edward G. Slate was at all times relevant the President of SFS and Sally F. Slate was at all times relevant the Vice President and, based upon records produced to the Trustee and testimony at the § 341 meeting, a paid "consultant" of SFS. See Ex. A. Contrary to the statement in ¶ 4 of the Motion, Edward G. Slate was never a member or partner of SIP.

  3. The meeting of creditors pursuant to § 341 in these proceedings was initially held on February 25, 2008, at which time and at adjourned meetings, counsel for SIP examined the Debtors at length regarding, among other matters, the outcome of the state court case involving Sally F. Slate that resulted in the payment of a settlement. The Debtors refused to discuss the settlement or its terms at that time and failed to reveal the existence of that settlement at all, among other omissions, in their initial filings with this Court.

  4. The § 341 meeting has now been adjourned at least seven times due to the Debtors delay in producing materials and disclosing information requested by the Trustee and by SIP. It is now scheduled to reconvene on December 9, 2008. Neither the Trustee nor the Debtors has produced any materials to counsel for SIP, despite SIP's requests and the Trustee's apparent agreement to do so.

  5. The proceeds of the settlement addressed by the Court's Order of April 30, 2008 – the matter that appears to be most at issue in this Motion - were initially disbursed to various persons and entities, including but not limited to Slate Team, LLC and Realty Alliance, LLC, two entities in which Mr. Slate is a member and the registered agent. The

2

principal business address for Realty Alliance, LLC is the same as that of SFS. See Ex. B.

6. Both records produced to the Trustee and the Debtors' own testimony indicate that the proceeds of the settlement were thereafter used, both immediately pre-petition and post-petition, for expenditures and expenses paid on behalf of each Debtor individually as well as shared expenditures as husband and wife, and for expenditures on behalf of the various entities owned and controlled by the Debtors jointly.

7. The proceeds of the settlement, and other assets, were transferred around a great deal just prior to and after the Petition Date between and amongst the Debtors' various accounts and those of entities owned and controlled by them, to include SFS, Realty Alliance, LLC and Slate Team, LLC.

ARGUMENT

8. The Debtors have continued to delay and hinder the Trustee and creditors, including SIP, by failing to make complete disclosures in their initial filings and their Amended Schedules and by failing to compile and produce materials that should have been compiled and produced months ago. The Debtors now seek the Court's assistance in further hindering a creditor by asking the Court to draw impossible distinctions within the intertwined finances of these married Debtors and amongst the records they have produced to the Trustee.

9. Contrary to the Debtors' assertions in their Motion, SIP is not a party in interest because of any prior involvement in SIP by Mr. Slate. Indeed, neither Mr. Slate nor Mrs. Slate was ever a member, owner, or partner of SIP. SIP's interest in these

3

proceedings arises out of the failure of the Debtors' company, SFS, and Mr. Slate to pay commissions to SIP.

10. Mrs. Slate was the Vice President of SFS and both records produced to the Trustee and the Debtors' own testimony have revealed that she was also a paid "consultant" for SFS, receiving individual payments from SFS in amounts of up to $5,000.00 at a time. Both Mr. Slate and Mrs. Slate were involved in the operations and/or entity structures of Realty Alliance, LLC and Slate Team, LLC, two entities that received large disbursements directly from counsel as a result of the settlement that Mrs. Slate now attempts to claim is a personal matter unique to her that should not be revealed in any way to SIP.

11. Following production of more records and further questioning by both the Trustee and SIP, it became apparent that the proceeds of this settlement, as well as other monies in the possession of the Debtors or entities owned and controlled by them, were rapidly transferred and expended just prior to and after the Petition Date on an enormous variety of expenses, including transfers to or on behalf of Mr. Slate and SFS. SIP believes that a portion of the settlement proceeds may have also been directly disbursed or otherwise transferred indirectly but immediately to SFS as well, but is unable to verify that because no records have been turned over to its counsel.

12. Mrs. Slate, through this Motion, attempts to erect a wall between herself on one side and her husband and their jointly owned and controlled entities on the other, and then claim that the proceeds of her settlement are somehow only relevant to "her" portion of these proceedings. There is a veritable mountain of evidence that the settlement proceeds were directly disbursed to, transferred to, or expended on behalf of

4

Mr. Slate, the Debtors jointly, and on behalf of entities jointly owned and/or controlled. There are many other issues as well with respect to the movement and commingling of assets that would make any distinction between these two Debtors' estates and amongst these records superficial at best.

13. The assets of the Debtors and their closely held companies, and the records reflecting their pre-petition and post-petition movement, are so complex and intertwined that it would be impossible to draw any distinction or to articulate any reasonable test by which those records allegedly pertaining only to Mrs. Slate could be identified and withheld even if there were reason to do so.

14. Furthermore, although a joint filing of husband and wife as debtors creates two distinct estates, "the separate estates are administratively consolidated for convenience and efficiency." Thomas v. Peyton, 274 B.R. 450, 456 (E.D. Va. 2001). See also E.D. Va. Loc. Bankr. R. 1015-1. The two separate estates may also be substantively consolidated into a single legal estate if "the debtors' financial affairs [are] so intermingled that it would be difficult to disentangle them, or [if] it would be unfair to creditors to treat them as separate estates." Id. Courts also look to the "equitable balance of prejudice to the creditors if the estates are consolidated." Id.

15. The debtors' financial affairs in the present case are inextricably intertwined, to a much greater degree, in fact, than the recited facts suggest was the case in Thomas cited above. SIP is not asking at this time that the Debtors' estates be consolidated, but certainly with respect to SIP's position as a party in interest and its access to these intertwined financial records, this analysis is applicable and SIP is entitled to review records reflecting the movement and disposition of these intermingled assets.

The Debtors' Motion notably sets forth no allegations of potential harm or prejudice to Mrs. Slate, to any creditor, to the estates, or to any party whatsoever that might result if these records were produced to SIP.

16. The limitations on the Trustee's duty to furnish materials to parties in interest suggested in the Motion's citation to COLLIERS are not applicable to the issues presented. Courts have created limitations to the Trustee's duty under § 704(a)(7) where creditors seek to use that Code section to invade attorney-client privilege or to attempt to gain information regarding confidential settlement negotiations in adversary proceedings between a trustee and a debtor. See, e.g., In re Lee Way Holding Co., 120 B.R. 881 (S.D. Ohio 1990). In the present case, SIP merely seeks the turnover, as required by § 704(a)(7), of what it reasonably believes are primarily banking records, a partially redacted settlement agreement, and materials summarizing the transfer of assets to, between and amongst the Debtors and their closely held entities. These records are vital to the ability of SIP to protect its interests in these proceedings and there is no suggestion by any party of potential harm or prejudice in doing so.

WHEREFORE, Strategic Insurance Partners, LLC, for the reasons stated herein, respectfully requests that the Debtors' Motion to Limit Turnover of Information Pursuant to 11 U.S.C. § 704(a)(7) be denied, and that the Trustee be ordered to furnish copies of all records produced to him during these proceedings relating to the Debtors not subject to any privilege and subject to the provisions of the Court's prior Order of April 30, 2008.

Respectfully submitted,

___/s/ David G. Browne_____
David G. Browne (VSB# 65306)
Meyer, Goergen & Marrs, P.C.
7130 Glen Forest Drive, Suite 305
Richmond, VA 23226
Telephone: (804) 288-3600
Facsimile: (804) 288-1990
E-mail: browne@mgm-law.com
*Counsel for Strategic Insurance Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2008, a true and accurate copy of the foregoing Response to Debtors' Motion to Limit Turnover of Information Pursuant to 11 U.S.C. § 704(a)(7) was delivered electronically via the CM/ECF system or sent via first class mail, postage pre-paid, to the following:

Robert B. Van Arsdale
Office of the U.S. Trustee
600 E. Main Street, Suite 301
Richmond, VA 23219
Robert.B.Van.Arsdale@usdoj.gov

Sherman B. Lubman
P.O. Box 5757
Glen Allen, VA 23058-5757
804-290-4490
lubmans@comcast.net

Kevin A. Lake
Vandeventer Black LLP
Eighth & Main Building
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1558
804-237-8811
804-237-8801 (fax)
klake@vanblk.com

John C. Smith
Roy M. Terry, Jr.
DurretteBradshaw, PLC

600 East Main Street, 20th Floor
Richmond, VA 23219
(804) 775-6900
jsmith@durrettebradshaw.com
rterry@durrettebradshaw.com

Edward G. Slate
Sally F. Slate
2642 Laclede Ave
Richmond, VA 23223

                                                                      _____/s/ David G. Browne_____