Kevin A. Lake, Esquire (VSB# 34286)
MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
P.O. BOX 1558
Richmond, VA 23230
(804) 643-0000
    *Counsel for Sherman B. Lubman, Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:                                    CASE NO. 08-30297-KRH

                                          CHAPTER 7

EDWARD G. SLATE

2642 Laclede Avenue
Richmond, VA 23233
SSN / ITIN: xxx-xx-6745

AND

SALLY F. SLATE

2642 Laclede Avenue
Richmond, VA 23233
SSN / ITIN: xxx-xx-8411

        *Debtor(s).*

# ***NOTICE OF OBJECTION TO CERTAIN CLAIMS ***

Sherman B. Lubman, the chapter 7 trustee for the above-referenced bankruptcy estate (the "Trustee") has filed papers with the court objecting to certain asserted claims (see the attached Objection to Certain Claims (the "Objection")) for details regarding which claims are the subject of the Objection and the grounds for each objection).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

*If you are receiving this Notice, you should locate your name and claim number in the attached Objection to determine the proposed treatment of your claim and the grounds upon which such treatment is proposed.*

If you do not want the court to grant the relief sought in the Objection, or if you want the court to consider your views on the Objection, then on or before July 29, 2011, you or your attorney must:

File with the court, at the address shown below, a written request for hearing and a written response pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

William Redden, Clerk
United States Bankruptcy Court
Eastern District of Virginia
701 E. Broad Street, Suite 4000
Richmond, VA 23219

You must also mail a copy to:

Kevin A. Lake, Esquire
MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
Richmond, Virginia 23230

You must also:

Attend a hearing to be scheduled at a later date. You will receive separate notice of such hearing. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

**SHERMAN B. LUBMAN, TRUSTEE FOR THE BANKRUPTCY ESTATE OF EDWARD G. SLATE AND SALLY F. SLATE**

By: /s/ Kevin A. Lake

MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
Richmond, Virginia 23230
T:      (804) 643-0000
F:      (804) 788-4427
klake@mcdonaldsutton.com

*Counsel for Sherman B. Lubman, Trustee*

**<u>CERTIFICATE</u>**

I hereby certify that I have caused to be mailed, via electronic means, by hand, or by regular mail, first class, postage prepaid, on this 28TH day of June, 2011, a true and correct copy of the foregoing Notice, in accordance with Rule 7005 of the Federal Rules of Bankruptcy Procedure, to the following: See Attached Mailing List[1]


By:      /s/ Kevin A. Lake_____

Kevin A. Lake, Esquire (VSB# 34286)
MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
P.O. BOX 1558
Richmond, VA 23230
(804) 643-0000
klake@mcdonaldsutton.com

*Counsel for Sherman B. Lubman, Trustee*

---

[1] The Mailing List, per Local Rule, is attached only to the copy of Notice filed with the Court.

Kevin A. Lake, Esquire (VSB# 34286)
MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
P.O. BOX 1558
Richmond, VA 23230
(804) 643-0000
        *Counsel for Sherman B. Lubman, Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
§  CASE NO. 08-30297-KRH

IN RE:

EDWARD G. SLATE                          §

AND

SALLY F. SLATE

        *Debtor.*                §            CHAPTER 7

---

# TRUSTEE'S OBJECTION TO CERTAIN CLAIMS

The Trustee in the above-captioned case, hereby files his Objection (the "Objection"), and hereby moves this Court, pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. § § 101-1330 (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 3007-1, for an order, the proposed form of which is attached hereto as an exhibit, granting the relief sought by this Objection, and in support thereof states as follows:

## JURISDICTION

1.     On January 24, 2008 (the "Petition Date"), a voluntary petition in bankruptcy was filed by Edward G. Slate and Sally F. Slate (hereinafter, "Debtor") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") and under

4

Chapter 7 of the United States Bankruptcy Code (the "Code").

2.      Sherman B. Lubman (the "Trustee") was appointed Trustee for the

Chapter 7 Estate, and he continues to so serve.

3.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § §

157 and 1334.  Venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.  This matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

4.      The statutory predicates for the relief requested herein are 11 U.S.C. §

502, Rule 3008 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy

Rule 3007-1.

## APPLICABLE AUTHORITY

5.      Pursuant to § 502(a) of the Bankruptcy Code, any claim for which a proof

of claim has been filed shall be deemed allowed unless a party in interest objects.  If an

objection is filed, the Court, upon notice and a hearing, shall determine the property and

appropriate amount of such claim. *See* 11 U.S.C. § 502(b).

6.      The Trustee is entitled to object to claims under § 502(a) of the

Bankruptcy Code.

## OBJECTIONS TO CLAIMS

*Claim No. 4 --- Strategic Insurance Partners, LLC*

7.      Strategic Insurance Partners, LLC ("SIP") has filed Claim No. 4 as a

        general unsecured claim in the amount of $59,050.00 and as a priority

        claim in the amount of $10,950.00.

8.      It appears from SIP's claim that it arises from a prepetition claim SIP has

        against Strategic Financial Services, Inc. ("SFS"), which is an entity that

        was owned and controlled by debtor Edward G. Slate.   SIP bases its claim

against the debtor individually on the theory that SFS was a "mere alter

ego" of the debtor.

9.      The Trustee objects to allowance of SIP's claim without SIP first being

required to satisfactorily establish that the debtor is individually liable to

SIP under the "alter ego" or other theory recognized under applicable law.

In the absence of SIP's establishing such individual liability, the claim of

SIP should be disallowed in its entirety.

10.     It also appears to the Trustee that the $10,950.00 which SIP asserts should

be accorded priority under § 507(a)(4) (wages, salaries, or commissions

(up to $10,950.00) earned within 180 days prepetition) relates to

commissions that SFS *assigned* to SIP but did not turn over to SIP, not

commissions *earned* by SIP and payable to SIP by the debtor.   The

Trustee submits, therefore, that no part of SIP's claim is entitled to priority

status.  Therefore, even if the debtor is found to be individually liable to

SIP, no part of the SIP's claim should be accorded priority status and any

allowed claim should be modified to so reflect.

> *Claim No. 18-2 --- Fairfax Mortgage Investments, Inc.*

11.     Fairfax Mortgage Investments, Inc. ("Fairfax Mortgage") has filed Claim

No. 18-2 as a secured claim in the amount of $55,440.80.

12.     The claim of Fairfax Mortgage purports to be secured by real property not

administered by and/or abandoned by the Trustee.

13.     Therefore, Fairfax Mortgage's claim (No. 18-2) should be disallowed in

its entirety.

14.     The Trustee reserves the right to further object to any and all claims, whether or not the subject of this Objection, on any other grounds.  The Trustee reserves the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

15.     The Trustee reserves the right to object any claims which are allowed or modified in connection with this Objection on any other grounds at any time.

## NOTICE AND PROCEDURE

16.     Notice of this Objection has been provided to all claimants with claims that are the subject of this Objection as identified on the attached Service List (the "Claimants"), and other parties-in-interest, as noted in the attached service list.    The Trustee submits that the following methods of service upon the Claimants should be deemed by the Court to constitute due and sufficient service of this Objection: (a) service in accordance with Federal Rule of Bankruptcy Procedure 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Trustee, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in this bankruptcy case.

17.     To the extent any Claimant timely files with the Court and properly serves a response to this Objection by the July 29, 2011 response deadline, and the parties are unable to otherwise resolve the Objection, the Trustee will request that the matter be set down for hearing on the merits of such claims.  However, to the extent any Claimant fails to timely file with the Court and properly serve a response to this Objection by the

July 29, 2011 deadline, the Trustee requests that the Court enter an order, substantially

in the form attached hereto, disallowing and/or modifying such Claimant's claim in its

entirety.

## WAIVER OF MEMORANDUM OF LAW

18.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no

novel issues of law presented in the Motion, the Trustee request that the requirement

that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

19.     No previous request for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, the Trustee request the Court to enter an Order sustaining

this Objection and granting such other and further relief as the Court deems

appropriate.

Dated:  June 28, 2011

Respectfully submitted,

**SHERMAN B. LUBMAN, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY ESTATE
OF EDWARD G. SLATE AND SALLY F.
SLATE**

By:     /s/ Kevin A. Lake

Kevin A. Lake, Esquire (VSB# 34286)
MCDONALD, SUTTON, & DUVAL, PLC
5516 Falmouth Street, Suite 108
P.O. BOX 1558
Richmond, VA 23230
(804) 643-0000
klake@mcdonaldsutton.com

*Counsel for Sherman B. Lubman, Trustee*

8

## **CERTIFICATE**

I hereby certify that I have caused to be mailed, via electronic means or by regular mail, first class, postage prepaid, on this 28TH day of June, 2011, a true and correct copy of the foregoing Notice of Objections to Claims, Objection to Claims, and all exhibits thereto, in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure, to the following:  See Attached Mailing List[2]:

/s/ Kevin A Lake
Kevin A. Lake

---

[2] The Mailing List, per Local Rule, is attached only to the copy of Notice filed with the Court.